**Philip R. VISSER, Plaintiff–Appellant,**

v.

**PACKER ENGINEERING ASSOCIATES, INC., Defendant–Appellee.**

No. 89–2825.

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1990.

Decided July 31, 1990.

Suggestion for Rehearing En Banc Granted and Panel Opinion Vacated Oct. 3, 1990.

Fred Louis, III, Olson, Grabill, Hoffman & Louis, Chicago, Ill., for plaintiff-appellant.

Michael H. King, Kurt H. Feuer, James M. Gecker, Ross & Hardies, Chicago, Ill., for defendant-appellee.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Packer Engineering ("Packer") is an engineering and consulting firm founded by

its Chief Executive Officer, Dr. Kenneth Packer. Philip Visser was hired in 1981 as an officer of Packer. Visser was subsequently terminated in 1987, nine months short of the vesting of his pension benefits. In response, Visser filed an age discrimination suit under 29 U.S.C. §§ 621 et seq. (Age Discrimination in Employment Act). The district court granted Packer's motion for summary judgment. For the following reasons we reverse the district court's judgment and remand for trial.

## I.

For two years Packer's board of directors was rife with bitter infighting. Specifically, there was a group of directors opposed to Dr. Packer's operation of the company which led to many disputes and the eventual split of several officers and employees from Packer to form a rival engineering firm. Affidavits from these officers paint a picture of Dr. Packer as an allegedly impetuous and vengeful individual who believed that Packer's best interests were the same as his own. Visser, while not among the dissident officers, was quite often aligned with them in their disputes with Dr. Packer. In fact, Dr. Packer alleges that Visser authored an anonymous memo that was circulated around the company harshly attacking his leadership. Consequently, Visser's relationship with Dr. Packer became "strained."

The day following the employee defections, Dr. Packer called Visser into his office. At the meeting, Dr. Packer fired Visser for what he termed to be "serious concerns regarding Visser's loyalty to the company." Visser, on the other hand, contends he was fired primarily to relieve Packer of its pension liability to him, a factor related to his age.

Accordingly, Visser filed an age discrimination action under 29 U.S.C. §§ 621 et seq. The district court, in its memorandum opinion and order granting summary judgment after the close of discovery, characterized this case in the light most favorable to the nonmoving party as one involving "mixed motives." Citing and purportedly following the recent standard enunciated by the

Supreme Court for mixed motives cases in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the trial court then determined that there is no "direct evidence from which it can be inferred defendant took plaintiff's age into account in discharging him [and t]he evidence that plaintiff points to as rebutting the proffered reason is insufficient to create a material dispute as to the question of motive." Accordingly, the court granted summary judgment for Packer. We believe the grant of summary judgment was improvident. Instead, we conclude that there are material issues of fact for trial. We, therefore, reverse and remand.

## II.

This appeal asks us to consider whether the district court properly granted Packer's motion for summary judgment. This Court has previously set forth the standards which govern our review of a grant of summary judgment.

> A motion for summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing a grant of summary judgment, we must view the record and all inferences drawn therefrom in the light most favorable to the party opposing the motion.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Weihaupt v. American Medical Association*, 874 F.2d 419, 424 (7th Cir.1989) (citations omitted).

"In determining whether a genuine issue of material fact is present we must consider both the substantive law of employment discrimination and burdens of proof under this law." *Id.* at 424 (quoting *Williams v. Williams Elecs*, 856 F.2d 920, 922 (7th Cir.1988)). The district court, taking all inferences in favor of the nonmovant, determined that the plaintiff presented a mixed motives case, i.e., one that involves a decision based on legitimate and illegitimate motives. The court reached this conclusion from Visser's allegations that he

was fired to prevent the vesting of his pension benefits, an illegitimate motive, and Packer's claims that he was fired for disloyalty, a legitimate motive. In such a case, the district court correctly determined that the parties' burdens must be applied consistently with *Price Waterhouse*.[1]

In *Price Waterhouse*, the Supreme Court held that when a plaintiff proves that an illegitimate reason played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision absent the discriminatory motive. *Price Waterhouse*, 109 S.Ct. at 1795. Therefore, as interpreted by this Circuit, the "Supreme Court held that where a trial court finds that an employer was motivated by both legitimate and discriminatory reasons, the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the discriminatory motive." *Jones v. Jones Bros. Constr. Corp.*, 879 F.2d 295, 299 (7th Cir.1989); *Smith v. Firestone Tire and Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir. 1989). The defendant's burden is "most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another." *Price Waterhouse*, 109 S.Ct. at 1788.

The district court, in granting summary judgment, found there was no direct evidence of age discrimination. Seldom, however, are we provided with a smoking gun in such cases. In this case, we believe that there is sufficient direct evidence to create a material issue of fact as to whether Vis-

ser's evidence demonstrated that age played a part in the employment decision and thus presented a mixed motives case. *See Price Waterhouse*, 109 S.Ct. at 1789 n. 12. The evidence asserted by Visser to demonstrate the illegitimate motive includes Visser's age of 64 and his replacement by a 29 year old, Dr. Packer's allegedly vengeful character, his knowledge of Visser's pension status, Dr. Packer's dislike for Visser, and affidavits of three officers that they believed from their personal knowledge that Visser's age was a factor. Although dismissal of an employee to eliminate a pension liability, without more, may not be enough for an age discrimination action, the combination of all the factors in this case, we conclude, creates a material issue of fact as to whether age "played a motivating part in an adverse employment decision,"[2] *see Price Waterhouse*, 109 S.Ct. at 1790, and provides a premise from which a reasonable jury could infer that Visser was fired because of his age. *See Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1571 (7th Cir.1989).

When confronted with an action where there are two alleged motives for the dismissal, one legitimate and the other illegitimate, and there exists more than a modicum of evidence in support of the illegitimate motive, we conclude that the law is generally better served by having such cases examined in the crucible of a contested hearing. A trial becomes appropriate to evaluate whether the employer is attempting to avoid liability based on an illegitimate motive by simply supplying a legitimate one at the summary judgment phase. This case warrants such a concern. Specifically, Visser's evidence that he was fired nine months before his pension vested, was

---

1. Although *Price Waterhouse* is a Title VII case, Title VII analysis has been applied to Age Discrimination in Employment Act cases. *See Overgard v. Cambridge Book Co.*, 858 F.2d 371, 375 (7th Cir.1988).

2. We have recognized that the firing of an older employee to save pension benefits is one factor that may be considered in determining whether there is a violation of the Age Discrimination Act. In *Metz v. Transit Mix, Inc.*, 828 F.2d 1202 (7th Cir.1987) (salary savings realized by replacing an older employee with a younger lower-salaried employee violates the older employee's

rights under the Age Discrimination in Employment Act), we noted that "savings in salary and the *unpaid pension benefits* accruing to defendants as a result of [the plaintiff's] discharge were the controlling economic factors behind her termination. Since such economic factors are directly related to age, reliance on them to discharge [the plaintiff] constitutes age discrimination." *Id.*, at 1208 (emphasis added) (quoting *Marshall v. Arlene Knitwear, Inc.*, 454 F.Supp. 715 (E.D.N.Y.1978), *aff'd in part, rev'd and remanded in part without opinion*, 608 F.2d 1369 (2d Cir.1979)).

replaced by a 29 year old employee, and the sworn affidavits by three former employees that age was a motivating factor provides more than a "scintilla of evidence" that age was a factor in the employment decision. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986). Thus, the final outcome, under these circumstances, should not rest solely on a legitimate motive proffered for summary judgment but should instead be resolved through trial.

If, at trial, Visser meets his burden of persuasion and persuades the factfinder that it is more likely than not that a forbidden characteristic played a part in the employment decision then the trial court must apply the next level of *Price Waterhouse.* At this stage, Packer has the burden of supporting its action solely on its legitimate reasons if it wants to escape liability. This means that Packer must establish by a preponderance of the evidence that it would have made the same decision in the absence of the unlawful motive, or stated another way, its legitimate reason, standing alone, would have caused it to make the same choice. This question is hotly contested by the parties and should also be confronted by the factfinder at trial. Therefore, we deem that the district court's finding that Packer met this burden is not an appropriate one for summary judgment. Issues of material facts exist as to Packer's employment decision and a rational trier of fact could find for the nonmoving party.

On remand, a trial is necessary to resolve these factual issues. In conducting the trial, the *Price Waterhouse* standard should be employed.[3] If Visser meets his burden at trial then Packer must carry its burden. If Packer does so then judgment should be entered in its favor; if it doesn't, then Visser is entitled to a judgment. In any event, this is a decision to be made after trial.

We address Visser's final claim that the district court erred in not compelling a second deposition of Dr. Packer. "District courts have broad discretion in matters related to discovery.... On review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion." *Dole v. Local 1942, IBEW, AFL–CIO,* 870 F.2d 368, 371 (7th Cir.1989) (citations omitted). Furthermore, a trial court "will not be reversed except upon a clear showing that a denial of discovery would result in actual and substantial prejudice to the complaining litigant." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 744 (7th Cir.1985). The district court found that Packer's refusal to provide documents was not an adequate basis for Visser to terminate the deposition. In this respect, the district court determined that Dr. Packer's answers were not improperly evasive, as Visser contends. Due to the broad discretion over discovery alloted to district courts, the district judge's reasons for denying the motion to compel, and the failure of Visser to allege any prejudice, we are unable to conclude that the district court abused its discretion.

### III.

For the reasons stated above, the district court's grant of Packer's motion for summary judgment is REVERSED and the action is REMANDED for further action pursuant to this decision.

CUDAHY, Circuit Judge, concurring:

This is an extraordinarily difficult and close case to assess on summary judgment. Whether Packer in hot blood vengefully fired Visser, knowing, incidentally, that Visser would thereby lose most of his pension, or whether Packer in cold blood set out to save his company pension costs and incidentally fired Visser to that end seems to be the gist of the issue. There is enough—but barely enough—to escape summary judgment.

3. We found some difficulty in tracking the district court's approach. Although purportedly adopting the *Price Waterhouse* analysis, the court uses language that more closely resembles a *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), approach when it states "the evidence that plaintiff points to as rebutting the proffered reason is insufficient to create a material dispute as to the question of motive." Under *Price Waterhouse,* the plaintiff need not prove pretext and rebut the defendant's claim.

POSNER, Circuit Judge, dissenting.

I regret not being able to agree with the majority's disposition of this appeal. For reasons more fully stated by Judge Hart in his opinion granting summary judgment for the defendant, there is no possible doubt that the plaintiff would have been fired no matter what his age or his pension entitlements. *By plaintiff's own account,* Kenneth Packer, the defendant's chief executive officer, is vengeful, vicious, and unethical; the plaintiff crossed Packer; this sealed the plaintiff's fate. Because the plaintiff was approaching the time at which his pension rights would vest, Packer's vengeance was particularly sweet: not only was he getting rid of an employee who had defied him, but he was screwing the employee out of a pension. (The affidavits of the plaintiff's pals state merely that Packer was a nasty guy aware of Visser's pension status.) This would be important if, but for the opportunity to save some money, Packer would have retained the plaintiff. But even the plaintiff does not argue that, making it apparent that there is no causal connection between the plaintiff's pension expectations, or anything else to do with his age, and his being fired. No purpose could be served by a trial.

What confuses the issue is the defendant's natural although foolish effort to portray Packer in a more attractive light by depicting the plaintiff as a disloyal employee, justly fired, rather than as the victim of a tyrant. The plaintiff claims with much force that the charge of disloyalty is a pretext. He was loyal to the defendant, just not to the person of Kenneth Packer, and, in the plaintiff's words from his reply brief, "Kenneth Packer terminated Visser [the plaintiff] because Visser was disloyal to *him* not to the corporation or its shareholders" (emphasis in original). Quite so; and this demonstrates that the plaintiff has no case. He was fired not because of age, but, by his own account of what happened, because he was disloyal to his boss. He may have been treated shabbily, cruelly, unjustly; but the Age Discrimination in Employment Act is not a tenure statute for the older employee. It is not a shield against corporate arbitrariness. It does not smite the vengeful. It has, in truth, as Judge Hart found, no possible application to this case.

ORDER

Oct. 3, 1990.

A majority of judges in active service have voted to rehear this case *en banc.* Accordingly,

IT IS ORDERED that rehearing *en banc* be, and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the judgment and opinion entered in this case on July 31, 1990 be, and are hereby, VACATED. This case will be reheard *en banc* at the convenience of the court.