Constance HILL, Plaintiff,

v.

HUMAN RIGHTS COMMISSION, et al., Defendants.

No. 89 C 3012.

United States District Court,
N.D. Illinois, E.D.

March 6, 1991.

Constance Hill, pro se.

Mary Ellen Coghlan, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the summary judgment of defendants Human Rights Commission, Kent Sezer, and David Strauss. For the reasons discussed below, the motion is granted.

## FACTS

On April 19, 1989, plaintiff Constance Hill ("Hill") filed this employment discrimination action, together with a petition to proceed in forma pauperis and a motion for appointment of counsel. In her complaint, Hill alleges that she had been unfairly evaluated and unjustly suspended, denied promotion, and ultimately discharged from her secretary job at the Illinois Human Rights Commission on the basis of racial and sexu-

al discrimination.[1] The Human Rights Commission is a state agency created by the Illinois Human Rights Act (Ill.Rev.Stat. ch. 68, § 1–101, et seq.).[2]

The court granted Hill's in forma pauperis petition and appointed counsel. For various reasons, plaintiff's original appointed counsel withdrew, as did two subsequently appointed attorneys. In September 1989, a fourth attorney was appointed to represent Ms. Hill. On May 31, 1990, this attorney withdrew after Ms. Hill rejected a settlement proposal tendered by defendants. As reflected on the court docket sheet, the next two status hearings were each continued for 30 days to give plaintiff an opportunity to obtain her counsel on her own. Ms. Hill did not obtain counsel within this sixty day period.

At this time, Ms. Hill has still not obtained legal counsel, although the court has given her additional opportunities over the last nine months to do so.[3] Plaintiff has given the court no reason to believe that she will be any more successful in the future than she has been in the past. The interests of judicial economy and fairness to the defendants require that Ms. Hill now proceed with her case, either with or without counsel.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material facts is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569, *reh.den.*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

In this case, plaintiff failed to respond to defendants' motion for summary judgment and has thereby failed to go beyond the mere allegations of her claim and designate specific facts showing a genuine issue for trial. Defendants, by contrast, have filed, together with their motion for summary judgment, a memorandum of law, a statement of material facts pursuant to Rule 12(m) of the Rules of the United States

---

1. In an order dated January 16, 1990, the court granted defendants' motion to dismiss plaintiff's allegations of sexual discrimination.

2. One of the primary purposes of this act is "[t]o secure for all individuals within Illinois the freedom from discrimination because of race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, or unfavorable discharge from military service in connection with employment ... and to prevent unlawful discrimination or sexual harassment in employment...." Ill.Rev.Stat. ch. 68, § 1–102(A).

3. For example, in a minute order dated November 11, 1990, the court granted plaintiff's motion for extension of time to obtain counsel and file a motion for "summary of judgment." Plaintiff did not subsequently obtain counsel or file such a motion. On November 14, plaintiff was admonished for failing to respond to a status hearing, which was then continued to December 10, 1990. On December 10, plaintiff again failed to appear at status hearing and the case was continued to December 14 for hearing on defendants' motion for summary judgment. On December 14, the court set a briefing schedule on defendants' summary judgment motion in which plaintiff's response was due on January 11, 1991. Hill obtained an extension to February 8, 1991. On February 27, 1991, this court denied yet a further extension and continuance on the briefing of defendants' summary judgment motion.

District Court for the Northern District of Illinois ("Local Rules"), and evidentiary materials in support thereof.

■ In their submissions, defendants point out that while Hill alleges that she was treated differently from similarly situated white employees, she has not presented any *evidence* in support of these allegations. *See* Defendants Memorandum in Support of Motion for Summary Judgment, pp. 12–18. Bare allegations, without supporting evidence, cannot survive a properly supported motion for summary judgment. *See Liberty Lobby*, 477 U.S. at 248–249, 106 S.Ct. at 2510 ("[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial' "), *quoting Cities Service Co.*, 391 U.S. at 288–289, 88 S.Ct. at 1592.

■ Further, even assuming *arguendo* that plaintiff has established a *prima facie* case of discrimination under Title VII, such a showing "merely creates a presumption which defendants may rebut by articulating a legitimate, non-discriminatory reason for the plaintiff's discharge." *Texas v. Burdine*, 450 U.S. 248, 253–55, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). In their memorandum in support of summary judgment, defendants have articulated legitimate, non-discriminatory reasons for Hill's discharge (as well as her evaluation, suspensions, and denial of promotion). *See* Defendants' Memorandum in Support of Summary Judgment, pp. 18–21.[4] Defendant correctly argues that once they have made such a rebuttal, the burden of production shifts back to the plaintiff to establish by a preponderance of the evidence[5] that the legitimate reasons offered by the defendants were not their true reasons, but were merely used as a pretext for discrimination. *See Burdine*, 450 U.S. at 252–253, 101 S.Ct. at 1093. Here, plaintiff has not responded in any way to the legitimate, non-discriminatory reasons articulated by defendants. Thus, plaintiff has not met her burden of production and the court must therefore construe these reasons as being legitimate and not a pretext.

■ Finally, the court notes that plaintiff has not made any effort to respond to defendants' Local Rule 12 statement of material facts. According to this rule, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 12(n); *see also Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir.1990). Hill's failure to respond to defendant's properly supported 12(m) statement of material facts, therefore, has the effect of rendering these facts admitted for the purposes of this motion.[6]

## CONCLUSION

For the reasons discussed above, the plaintiff has failed to raise any genuine issue of material fact with which to defeat

---

4. Defendants articulate a legitimate, non-discriminatory reason for each allegedly discriminatory acts of which they are accused. Defendants also provide evidentiary support for each of these reasons. For example, defendants claim that each of plaintiff's suspensions were based upon either insubordination or poor work performance. *See* Memorandum in Support of Summary Judgment, pp. 19–20. Defendants cite to portions of plaintiff's deposition (which they have submitted, together with other evidentiary materials) in which plaintiff admits to the acts upon which the charges of insubordination and poor performance are based. These acts include refusal to follow her superiors' instructions, hostile confrontations with her superiors, falling behind in her work, and unexplained absences.

5. Of course, for the purposes of the present motion for summary judgment, the plaintiff need not meet the "preponderance of the evidence" standard. However, she must at least provide enough evidence on this issue to raise a genuine issue of material fact.

6. The court notes that even without counsel, Hill could have attempted to file some response to defendants' motion which may have raised some material fact issue. Significantly, *pro se* litigants are granted considerable latitude in drafting pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

defendants' motion for summary judgment. Defendants' motion is granted.

IT IS SO ORDERED.