985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David S. FREDERICK, Plaintiff-Appellant,
v.
James P. MURPHY, Superintendent, Frances M. Paul, Program
Coordinator and James A. Knuth, Reverend,
Defendants-Appellees.
 No. 91-3699.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Jan. 12, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David Frederick, an inmate at Columbia Correctional Institution, contends that the defendants violated his First Amendment right to practice his religion and his right to equal protection under the Fourteenth Amendment. Frederick is an adherent of the Native American religion. He brought this civil action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983.
 
 
 2
 Frederick now appeals the district court's grant of the defendants' motion for summary judgment.[1] After reviewing that decision, we conclude that Chief Judge Crabb properly ruled in favor of the defendants. Accordingly, we affirm, essentially for the reasons stated in the attached order.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
 
 4
 David S. FREDERICK, Plaintiff,
 
 
 5
 v.
 
 
 6
 James P. MURPHY, Superintendent, Fran Paul, Program
 
 
 7
 Coordinator, and Rev.. James A. Knuth, Chaplain, Defendants.
 
 91-C-0163-C
 Oct. 17, 1991
 OPINION AND ORDER
 
 8
 This is a civil action for monetary damages and injunctive relief brought pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at Columbia Correctional Institution, contends that defendants violated his First Amendment right to practice his religion freely and denied him equal protection under the Fourteenth Amendment. Plaintiff is an adherent of the Native American religion. He alleges that defendants denied him adequate religious ceremonies and access to a spiritual leader for a period of almost four months, while inmates of other mainstream religions were allowed many ceremonies and leadership. Defendants counter that they did not deny plaintiff the ability to practice his religion but rather provided him reasonable opportunities to do so. The case is before the court on defendants' motion for summary judgment.
 
 
 9
 To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir.1989). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). Also, if a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the opposing party is proper. Celotex, 477 U.S. at 322.
 
 
 10
 I conclude that plaintiff has failed to establish the existence of elements that he would have to prove at the trial, which is scheduled to begin on October 28, 1991. Plaintiff has not come up with evidence that would tend to prove either that he was not permitted to practice his religion or that he was denied equal protection. Although plaintiff is proceeding pro se, and for that reason is entitled to lenient treatment from the court, at some point it is necessary for him to show that he can prove what he has alleged. I find that plaintiff does not have the evidence he would need to make a prima facie case at trial. Therefore, I will grant defendants' motion for summary judgment.
 
 
 11
 For the purpose only of deciding plaintiff's motion for summary judgment, I find from the competent evidence in the record as well as from the parties' proposed findings of fact that the following facts are undisputed.
 
 FACTS
 
 12
 At all relevant times, plaintiff was an inmate at Columbia Correctional Institution; defendant Murphy was the warden; defendant Paul was program services coordinator; and defendant Knuth was chaplain.
 
 
 13
 Plaintiff holds traditional Native American religious beliefs. Between October 22, 1990, when plaintiff arrived at Columbia, and late February 1991, he was allowed to participate in the three Native American religious functions held there. During this time, Mr. Watkins, the Native American spiritual leader under contract to Columbia, was without his driver's license and did not provide his services to the inmates at Columbia.[1]
 
 
 14
 Among defendant Knuth's duties as chaplain was the coordination of the scheduling of Native American ceremonies at Columbia. Ordinarily, the ceremonies are conducted by a Native American spiritual leader, who like all religious leaders is paid fifty dollars for each ceremony at which he presides, up to a monthly total of two hundred dollars.
 
 
 15
 During the time that Watkins was without his driver's license, defendant Knuth did not contact him. However, Knuth did attempt to arrange for a substitute, without success.[2] Knuth authorized those inmates interested in participating in Native American functions to do so on their own. Knuth assisted in the preparation of the ceremonies, but did not participate in them.
 
 
 16
 A Sweat Lodge Ceremony was held on November 28, 1990. The sweat lodge at Columbia had been constructed by Watkins. Watkins personally procured the rocks used during the Sweat Lodge ceremonies; however, rocks used at the November 28 ceremony were broken rocks left over from previous ceremonies. Chaplain Knuth arranged for wood to be provided by the vocational program at Columbia, as Watkins had done for previous ceremonies. The wood provided conformed to wood provided at previous ceremonies; two pieces contained nails and were set aside and not used.
 
 
 17
 In addition to the Sweat Lodge Ceremony on November 28, Pipe and Drum ceremonies were held November 21, 1990, and January 23, 1991. Plaintiff found each of these three ceremonies inadequate because there was no spiritual leader in attendance and because the institution provided inferior materials, which consisted of used rocks and wood with nails.
 
 
 18
 On November 27, 1990, and on January 10, 1991, in accordance with Columbia's operating rules and procedures, defendant Knuth authorized plaintiff to possess a number of Native American religious articles in his cell.
 
 
 19
 Defendant Murphy received a letter from plaintiff on January 24, 1991, in which plaintiff expressed his dissatisfaction with the Native American religious program at Columbia. On January 25, 1991, defendant Murphy assigned defendant Paul the task of responding to the letter from plaintiff. Defendant Paul did so on January 31, 1991. At no time has defendant Paul informed plaintiff that he would not be allowed to participate in Native American functions at the prison. Like all inmates, plaintiff must request a pass for any scheduled event by signing the sign-up sheet posted in his housing unit.
 
 OPINION
 
 20
 Plaintiff's first contention is that defendants interfered with his right to the free exercise of his religion, in violation of the First Amendment, by failing to provide a Native American spiritual leader and by providing only three inadequately supplied group ceremonies between October 20, 1990, and February 14, 1991. Incarcerated individuals retain the right to exercise their religious beliefs. Cruz v. Beto, 405 US. 319, 322 (1972). A prison regulation that infringes on inmates' Constitutional rights is valid "only if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). However, this does not mean that "these rights are not subject to restrictions and limitations." Bell v. Wolfish, 441 U.S. 520, 545 (1979). Prisoners do not "retain the same freedom to exercise their religion as they would in the world outside the prison, [but] they may not be denied basic rights of conscience." Thompson v. Commonwealth of Ky., 712 F.2d 1078, 1081 (6th Cir.1983). A prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith." Al-Alamin v. Gramley, 926 F.2d 680, 687 (7th Cir.1991). "In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded." Id. at 686. "[W]hether inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with free exercise. Woods v. O'Leary, 890 F.2d 883, 887 (7th Cir.1989) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 352 (1987)).
 
 
 21
 Plaintiff does not make a general challenge to the prison regulations in effect between October 20, 1990, and February 14, 1991, covering the exercise of Native American religious beliefs at Columbia Correctional Institution, or complain that those regulations interfered with the free exercise of his beliefs.[3] Therefore, whether the prison has valid penological reasons for the regulations is not at issue. Rather, plaintiff complains that from October 22, 1990, until February 14, 1991, defendants interfered with his ability to exercise his religious beliefs freely because they did not provide a spiritual leader, regularly scheduled group ceremonies, or adequate supplies for the Sweat Lodge Ceremony.
 
 
 22
 To succeed on his claim, plaintiff must establish that he was denied a basic right of conscience, Thompson v. Commonwealth of Ky., 712 F.2d at 1081, and that the prison did not make a reasonable and evenhanded effort to afford him the opportunity to practice his faith, Al-Alamin v. Gramley, 926 F.2d at 686-87. Plaintiff's claim fails in both regards.
 
 
 23
 It is undisputed that during the four month period covered by plaintiff's complaint, only three Native American ceremonies were held. However, plaintiff has failed to put in any evidence to suggest that as a basic right of conscience he required a greater number of group ceremonies. It is not sufficient for plaintiff to show that he preferred more opportunities to meet with other followers of his religion. He does not retain the same freedom to exercise his religion he would have outside the prison. Thompson v. Commonwealth of Ky., 712 F.2d at 1081. By not offering proof that he required more than three group ceremonies in four months as a basic right of conscience, plaintiff has failed to make a showing sufficient to establish the existence of an essential element of this claim.
 
 
 24
 Plaintiff fails also in his contention that defendants did not act reasonably to afford him the opportunity to practice his religion during the four month period. Plaintiff does not establish that Watkins's absence and the less than perfect rocks or wood deprived him "of all means of expression" of his religion. Young v. Lane, 922 F.2d 370, 376 (7th Cir.1991). He offers no facts supported by proof in the record that, by virtue of these inadequacies, he was "unable to comply substantially with many of the demands of [his] religion." Id. During the time that Watkins was not ministering to the Columbia inmates, Knuth attempted to arrange for a substitute, and when he could not do so he authorized the inmates to participate in three functions on their own. He assisted them in the preparation of the November 28 Sweat Lodge Ceremony by arranging for wood from the vocational program, as Watkins had done for past ceremonies. In addition, on two different occasions during this time, Knuth authorized plaintiff to keep a number of Native American religious articles in his cell. In the absence of any evidence to suggest that these accommodations of plaintiff's religious beliefs fell below what is necessary to allow plaintiff a reasonable opportunity to practice his religion, plaintiff has failed to establish the existence of elements he would have to prove at trial.
 
 
 25
 Plaintiff fails also to establish the existence of the essential elements of his claim that defendants violated his Fourteenth Amendment right to equal protection. The Court of Appeals for the Seventh Circuit has held that the rights of inmates belonging
 
 
 26
 to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations. Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another. Nevertheless, the treatment of all inmates must be qualitatively comparable.
 
 
 27
 Al-Alamin v. Gramley, 926 F.2d at 686. "Qualitatively comparable" treatment means that an inmate must have a "reasonable opportunity--comparable to that afforded other inmates--to exercise religious freedom without fear of penalty." Thompson v. Commonwealth of Ky., 712 F.2d at 1082; Cruz v. Beto, 405 U.S. at 322, n. 2. Plaintiff offers no proof that he was penalized for practicing the Native American religion, or that he was fearful of such penalty.[4]
 
 
 28
 "Qualitatively comparable" does not mean that a prison is required to employ chaplains representing every faith among the inmate population. Cruz v. Beto, 405 U.S. at 322, n. 2. It does not mean that inmates of a minority religion must have access to as many ceremonies as inmates of majority denominations. Thompson v. Commonwealth of Ky., 712 F.2d at 1079-80. The free exercise clause does not "insure that all sects will be treated alike in all respects." Id. at 1081.
 
 
 29
 In addition, plaintiff offers no facts from which a finding could be made that the policies applied to him were "applied in any way other than neutrally." Woods v. O'Leary, 890 F.2d at 887. He does not offer any evidence that inmates of other religions were or would be treated differently if their regular spiritual advisors were unavailable, or that the ceremonies of other inmates had more adequate supplies. Plaintiff has not shown that his "opportunity to pursue his religion was ... encumbered more than any other prisoner's opportunity to pursue [his] religion." Id. Because plaintiff has failed to prove that his ability to practice his religion is not "qualitatively comparable" to other inmates at the prison, he fails to establish the existence of an essential element on which he would bear the burden of proof at trial. Summary judgment will be granted to defendants on plaintiff's equal protection claim.[5]
 
 ORDER
 
 30
 IT IS ORDERED that defendants' motion for summary judgment is GRANTED and this case is DISMISSED. The Clerk of Court is directed to enter judgment for defendants.
 
 
 31
 /s/ BARBARA B. CRABB
 
 District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Additionally, he challenges the district court's earlier denial of his motion to compel answers to his rephrased interrogatories. On discovery matters, district courts have broad discretion. Visser v. Packer Engineering Associates, Inc., 909 F.2d 959, 962 (7th Cir.1990). This court will reverse a district court's decision relating to discovery only if it clearly has abused its discretion. Dole v. Local 1942, IBEW, AFL-CIO, 870 F.2d 368, 371 (7th Cir.1989). Finding no such abuse, we affirm the district court's order
 
 
 [1]
 Although plaintiff requested injunctive relief when he filed his complaint on February 14, 1991, he has since conceded that his claim for injunctive relief was made moot by Watkins's return to the institution. In his response to defendants' proposed findings of fact # 33, plaintiff makes it clear that "this action is framed to the period from October 22, 1990 through February 14, 1991." Because plaintiff does not challenge the constitutionality of his opportunity to practice his religion after February 14, 1991, I have ignored as immaterial those facts proposed by defendants that concern activities that have occurred after that date
 
 
 [2]
 Plaintiff attempts to put this fact into dispute by proposing as a fact that defendant Knuth did not attempt to find a replacement for Watkins, and pointing to copies of several letters defendant Knuth sent on February 20, 1991, seeking a replacement. However, it does not follow as support for the proposed fact that because Knuth made an effort to replace Watkins on February 20, he did not make any efforts to do so before then
 
 
 [3]
 Indeed, in plaintiff's complaint he requests that this court order defendants to provide regular Native American prayer services and an adequate Sweat Lodge area in accordance with Wis.Admin.Code § DOC 309.61
 
 
 [4]
 Plaintiff has expressed an intention to bring a retaliation claim against defendants after disposition of this claim. Apparently he will allege that defendants retaliated against him for bringing the instant lawsuit, not that they retaliated against him for practicing his religion
 
 
 [5]
 Plaintiff requests also that this court order defendants to abide by their own regulations in the Wisconsin Administrative Code. As plaintiff was denied leave to proceed on this state law issue, and because it is a matter outside the jurisdiction of this court, I decline to consider the request. See Pennhurst State Schools & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)