1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Thomas E. HALE, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General, United States Postal
Service,[1] Defendant-Appellee.
 No. 92-1725.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided Aug. 4, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Thomas Hale brought a complaint against the Postmaster General alleging mental handicap discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Secs. 2000e, et seq., and the 1973 Rehabilitation Act, 29 U.S.C. Sec. 791. The district judge gave summary judgment for the defendant because Hale failed to contact an Equal Employment Opportunity counselor within thirty days, as required by 29 C.F.R. Sec. 1613.214(a)(1)(i), and because no grounds for tolling existed. After reviewing the record and the parties' briefs, we agree with the district judge's conclusion, and therefore AFFIRM his decision for the reasons stated in the attached order.[2] Hale's arguments of fraudulent concealment and lack of notice of the discharge are waived for his failure to fairly present them before the district judge. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir.1989), cert. denied, 494 U.S. 1029 (1990).
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 3
 THOMAS E. HALE, Plaintiff,
 
 
 4
 v.
 
 
 5
 UNITED STATES POSTAL SERVICE, Defendant.
 
 ORDER
 90 C 4532
 Nov. 27, 1991
 
 6
 NORGLE, District Judge.
 
 
 7
 Before the court is the motion of the United States Postal Service ("Postal Service") to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively 12(b)(6), or alternatively for summary judgment pursuant to Rule 56(c). The court grants defendant's motion for summary judgment and denies the motions to dismiss.
 
 FACTS
 
 8
 Thomas Hale ("plaintiff") worked for the Postal Service from 1979 until he was discharged on March 14, 1988, after an instance where he vigorously and profanely disputed that his paycheck had been drawn in the proper amount. On May 13, 1988, his petition to the Merit Systems Protection Board ("M.S.P.B.") was dismissed because he failed to file for review in a timely manner as prescribed by 5 C.F.R. Sec. 1201.22(b). He appealed that decision but abandoned the appeal on September 9, 1988 to pursue arbitration as provided by the postal workers collective bargaining agreement. However, Arbitrator Elliot Goldstein concluded the claim was not justiciable because plaintiff had first sought relief from the M.S.P.B. Eventually the Postal Service determined plaintiff was discharged, effective December 9, 1988.
 
 
 9
 Plaintiff alleges that he was suffering from alcohol abuse problems and therefore checked himself into a detoxification program at a hospital on August 7, 1989. He also states that he experienced symptoms not unlike that of a schizophrenia sufferer. On April 24, 1990, some sixteen months after plaintiff's discharge was final, he contacted a Equal Employment Opportunity ("EEO") Representative. Six days later, he filed an EEO complaint which was eventually dismissed as untimely under 29 C.F.R. Sec. 1613.214. The EEO Office of Review and Appeals affirmed that decision on August 1, 1990. Finally, on August 6, 1990, plaintiff filed the complaint in the instant action, alleging violations of Title VII (42 U.S.C. Sec. 2000e-5 et seq.) based on mental handicap discrimination and "procedural error."[1]
 
 DISCUSSION
 
 10
 Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Lujan v. National Wildlife Fed'n, 110 S.Ct. 3177, 3186 (1990); see also Roland v. Langlois, No. 90-2271 (7th Cir. Oct. 3, 1991). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence to support his complaint. Id.; Beard v. Whitley County REMC, 840 F.2d 405, 410 (7th Cir.1988). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses...." Celotex Corp. v. Catrett, 477 U.S. 317, 323-4 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991).
 
 
 11
 There are three time deadlines which are placed on a federal employee suing under Title VII. Rennie v. Garrett, 896 F.2d 1057, 1059 (7th Cir.1990). The first, bringing any complaint to the attention of an Equal Employment Opportunity Counselor within thirty days of the occurrence (29 C.F.R. Sec. 1613.214(a)(1)(i)), is at issue here.[2] As both parties acknowledge, the thirty-day time limit of Title VII is no longer considered jurisdictional. Id. Rather, the time limit is construed like a statute of limitations and therefore subject to equitable tolling when the court determines the circumstances warrant such a result. McGinty v. U.S. Dept. of Army, 900 F.2d 1114, 1118 (7th Cir.1990).
 
 
 12
 Plaintiff's response contends that he suffers from schizophrenia-like symptoms and has been treated for alcohol abuse. However, he has provided no trial-admissable evidence to support this claim.
 
 
 13
 It is a basic principle under Rule 56(c) that the non-movant must go beyond the pleadings to create a question of fact to prevent summary judgment. Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir.1990); Figueroa v. Evangelical Covenant Church, 879 F.2d 1427, 1430 (7th Cir.1989); Akerberg v. Metropolitan Rail, 773 F.Supp. 111, 113 (N.D.Ill.1991); Hill v. Human Rights Comm'n, 762 F.Supp. 196, 197 (N.D.Ill.1991). One manner in which this may be done is by presenting affidavits. Visser v. Packer Eng'g Assoc., Inc., 909 F.2d 959 (7th Cir.1990) (affidavits created genuine issue of fact as to whether age discrimination and thus summary judgment improper); Washington v. Lake County, 762 F.Supp. 199, 200-02 (N.D.Ill.1991).
 
 
 14
 In the instant case, plaintiff alleges that he suffers from symptoms similar to that of persons with schizophrenia and that he also underwent treatment for alcohol abuse during the period after his discharge but before he filed his complaint here. However, these self-serving statements cannot create a question of fact. Plaintiff must present affidavits from, for instance, health care professionals or other evidence admissable at trial showing why he justifiably missed the time deadline imposed by 29 C.F.R. Sec. 1613.214(a)(1)(i) by so many months. Failure to contradict the evidence of the movant results in the court accepting those statements as true. Kaszuk v. Bakery and Confectionery Union and Indus. Int'l Pension Fund, 791 F.2d 548, 558 (7th Cir.1986). Taking defendants statements as true, plaintiff has missed the relevant deadline without justification. In fact, plaintiff admits he missed the deadline. Yet plaintiff, as discussed above, has not presented the court with any cogent reason why the court should invoke its power to toll the running of this deadline. Consequently, summary judgment is proper.
 
 CONCLUSION
 
 15
 Plaintiff has failed to present any justification for his delay in bringing his complaint to the attention of an Equal Employment Opportunity Counselor within thirty days of the occurrence as required by (29 C.F.R. Sec. 1613.214(a)(1)(i)). As a result, defendant's motion for summary judgment is granted for all counts of the complaint.
 
 
 16
 IT IS SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Hale has filed such a statement. Upon consideration of Hale's statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 Substituted for Anthony M. Frank pursuant to Fed.R.App.P. 43. The Postmaster General was the proper party to this action, and Hale identified him as a defendant in his complaint. Williams v. United States Postal Service, 873 F.2d 1069, 1071 n. 1 (7th Cir.1989)
 
 
 [2]
 The panel decision in Visser v. Packer Eng'g Assoc., Inc., 909 F.2d 959 (7th Cir.1990), cited on page four of the order, was vacated and reversed on grounds not relevant here. See Visser v. Packer Eng'g Assoc., Inc., 924 F.2d 655 (7th Cir.1991) (en banc)
 
 
 [1]
 Although defendant states that this complaint might only be properly taken as a cause of action under the Rehabilitation Act, 29 U.S.C. Sec. 791, the court need not decide that question given that the end result here is the court granting defendant's motion for summary judgment
 
 
 [2]
 The other two time deadlines are filing a formal written complaint with the designated agency official within fifteen days after the right to sue notice is issued (29 C.F.R. Sec. 1613.214(a)(1)(ii)), and an appeal of any agency decision disposing of a claim must be filed within thirty days after the final agency decision (42 U.S.C. Sec. 2000e-16(c)). Rennie, 896 F.2d at 1059