Gloria J. HUDSON, Plaintiff,

v.

WEST HARVEY/DIXMOOR SCHOOL
DISTRICT NO. 147, Defendant.

No. 99 C 0048.

United States District Court,
N.D. Illinois,
Eastern Division.

April 10, 2001.

Laurel G. Bellows, Bellows & Bellows, Chicago, IL, Cary E. Donham, Shefsky, Froelich & Devine, Ltd., Chicago, IL, William Peter Caputo, Nilson, Stookal, Gleason & Caputo, Chicago, IL, Brett Nolan, Shefsky & Froelich, Ltd., Chicago, IL, David Mark Bagdade, Keaton & Associates, P.C., Glen Ellyn, IL, Diana Kenney Langmar, Orum & Roth, Chicago, IL, for plaintiff.

Daniel Edward Cannon, Terri L. Thomas, Kusper & Raucci, Chartered, Chicago,

IL, Bradley C. Coleman, Earl L. Neal & Associates, Chicago, IL, Robert H. Ellch, Anthony Scariano, Camille Diane Lee, Scariano, Ellch, Himes, Sraga and Petrarca, Chtd., Chicago Heights, IL, Paulette A. Petretti, Scariano, Ellch, Himes & Petrarca Chtd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff Gloria J. Hudson, proceeding pro se,[1] brings this action against Defendant West Harvey/Dixmoor School District No. 147, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). For the reasons stated below, Defendant's Motion for Summary Judgment is granted on both counts of Hudson's Complaint.

## RELEVANT FACTS

### I. Hudson's Failure to File a Local Rule 56.1(b)(3) Statement

■ Local Rule 56.1(a)(3) requires Defendant, the moving party, to submit a statement of undisputed facts complete with citations to the record. Hudson, the nonmoving party, is required, under Local Rule 56.1(b)(3), to respond to each numbered paragraph in the Defendant's statement of undisputed facts with the reason for her disagreement with each fact, if any, and provide supporting references to the record. The consequence of not adhering to Local Rule 56.1(b)(3) is that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted." Local Rule 56.1(b)(3)(B). In this case, because Hudson failed to file a 56.1(b)(3) statement disputing Defendant's facts, we deem Defendant's facts admitted. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir.2000) (upholding strict application of Local Rule 56.1); *Hill v. Human Rights Comm'n*, 762 F.Supp. 196, 198 (N.D.Ill. 1991) (failure of pro se plaintiff to respond to defendant's 12(m) statement of material facts rendered those facts admitted for purposes of summary judgment motion).[2] We recognize the difficulties a pro se litigant may face, but "pro se status does not absolve [a litigant] of the obligation to at least attempt to comply with Local Rule [56.1]." *Henderson v. Canteen Corp.*, No. 92 C 3873, 1993 WL 276725, at *3 n. 1 (N.D.Ill. July 22, 1993).[3]

1. This Court previously appointed three separate attorneys for Hudson in an effort to avoid some of the difficulties with proceeding on a pro se basis. Unfortunately, each of her court-appointed attorneys withdrew from this matter. One attorney withdrew because of a potential conflict of interest that he identified for the Court. The two others, however, withdrew following Hudson's allegations about their professional abilities. Specifically, one attorney withdrew from the case after Hudson made clear in her "New Motion Requesting Appointment of Counsel," (R. 23), that she lacked faith in his counsel, and her last court-appointed attorney withdrew after Hudson made accusations of ethical impropriety and professional incompetence, (R. 45, Hudson's Mot. to Oppose Withdrawal of Counsel for Pl., Ex. C, April 7, 2000 Joel Bellows Letter to Hudson). Although Hudson did not provide any evidence beyond her bald accusations, we determined that, given her obvious discomfort with both attorneys, we had no choice but to allow her either to find her own attorney or represent herself.

2. Local Rules 12(m) and 12(n) were replaced by Local Rule 56.1.

3. We note that the Court specifically warned Hudson of the consequences of failing to adhere to Local Rule 56.1. In fact, the Court not only gave Hudson a copy of Local Rule 56.2: "Notice to Pro Se Litigant Opposing a Motion for Summary Judgment," stating the importance of responding to Defendant's 56.1(a) statement of facts, but also read the rule, verbatim, aloud in open court. The Court explained to Hudson:

## II. Undisputed Material Facts

Hudson had been a teacher at various schools in the Chicago Public School system ("CPS" system) from 1969 to 1995. In 1992 and 1994, Hudson filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against the assistant principal of a Chicago Public School at which she had been teaching. In 1995, Hudson was discharged from her employment with the CPS system for insubordination.

After leaving the CPS system, Hudson applied for both full-time and substitute teacher positions in the West Harvey/Dixmoor school district. She was hired as a substitute teacher and began working in October 1995. On a number of occasions after the 1995–1996 school year, Hudson applied for full-time teaching positions in the Defendant school district but was denied each time. On October 7, 1998, Hudson filed a charge of discrimination against Defendant with the EEOC and the IDHR, alleging Title VII violations. On May 27, 1999, Hudson filed another charge of discrimination against Defendant, alleging that she was denied employment as a full-time teacher because of her age and in retaliation for her previous EEOC charges while employed in the CPS system. Defendant contends that it is entitled to judgment as a matter of law on Hudson's claims of retaliation and age discrimination in view of Hudson's noncompliance with Local Rule 56.1 and failure to establish a genuine issue of material fact with respect to Defendant's decision not to hire her. We agree and grant Defendant's motion for summary judgment.

## ANALYSIS

### I. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any probative evidence supporting his complaint. *Id.* at 249, 106 S.Ct. 2505. The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor. *Crim v. Board of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 540 (7th Cir.1998). However, if the evidence is merely colorable, is not significantly probative, or merely raises "some metaphysical doubt as to the material facts," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 261, 106 S.Ct. 2505.

If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant.... It is important that you comply fully with these rules and respond to each fact offered by the defendant and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to. (R. 65, Nov. 11, 2000 Status Hr'g at 3–4.)

## II. Retaliation

█ Hudson contends that Defendant retaliated against her for filing charges of discrimination against an assistant principal in the CPS system by failing to hire her for a full-time teaching position. Title VII prohibits retaliation against an employee who has engaged in activity protected by the Act. 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, Hudson must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1038 (7th Cir.1998). If she establishes these elements, Defendant has the burden to produce a legitimate, nondiscriminatory reason for its actions. Once this reason is produced, Hudson must prove that the reason is pretextual. *Id.* at 1039.

█ In this case, as a preliminary matter, although Hudson alleges that Defendant wrongfully failed to hire her on a number of occasions spanning many years, we may consider only Hudson's allegations that fall within the 300–day period prior to the filing of her EEOC charges. *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir.1999) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.") Thus, any alleged discrimination occurring earlier than December 11, 1997, *i.e.* 300 days prior to the date of her earlier EEOC filing against Defendant, is time barred.

█ Only two instances in which Hudson unsuccessfully applied for full-time teaching positions fall within the relevant limitations period. First, Hudson claims that she applied and was rejected in January 1998 for a regular teacher position. Second, she claims that she unsuccessfully applied for a home economics position in August 1998. Thus, several years elapsed between the CPS charges, filed in 1992 and 1994, and any alleged retaliation by Defendant, a separate and distinct employer from the CPS system. The length of time between these events strongly indicates that there is no causation. *See id.* at 399 ("A substantial time lapse between the protected activity and the adverse employment action is counter-evidence of any causal connection.") (citation omitted); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 485 (7th Cir.1996) (as temporal distance between the protected expression and the employer's adverse action increases, the likelihood that a causal link exists between the two events diminishes). Generally, even the passage of a few months nullifies the causal connection. *Parkins*, 163 F.3d at 1039 (three month gap between plaintiff's harassment complaint and layoff too long to demonstrate causal connection); *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir.1992) (four month gap too long to establish causation). Moreover, there is no evidence that Defendant had any knowledge of Hudson's lawsuit filed while she was employed by the CPS system or that the earlier lawsuit impacted Defendant's decision not to hire Hudson. Thus, we find that Hudson has failed to establish the causal connection between her protected activity and Defendant's alleged retaliatory conduct.

Furthermore, Defendant has stated a legitimate, nondiscriminatory reason for not hiring Hudson. Specifically, the uncontroverted facts demonstrate that Samuel Rhone, the Superintendent of the Defendant school district from 1987 to 1999, did not believe that Hudson had the credentials necessary to teach at middle school. (R. 63, Def.'s Statement of Facts ¶ 44.) In addition, William Colbert, the Principal of Rosa Parks Middle School, where Hudson interviewed for a home eco-

nomics position in August 1998, testified that endorsements are required to teach in all positions at the Middle School. (*Id.* at ¶ 55.) Hudson did not have the proper endorsement for the home economics position, and Colbert explicitly told her, when she interviewed with him, that she was not qualified. (*Id.* at ¶ 21.) Colbert also testified that a parent had called him to inform him that Hudson had used profane or demeaning language and the child came home upset and crying. (*Id.* at ¶ 56.) This information contributed to Colbert's assessment that Hudson was not qualified to teach at Rosa Parks Middle School. (*Id.*) Thus, Defendant has produced a legitimate, nondiscriminatory reason for its actions, which Hudson has not shown is pretextual. *Parkins,* 163 F.3d at 1039. Consequently, we grant summary judgment in favor of Defendant on Hudson's retaliation claim.

### III. Age Discrimination

As with Hudson's retaliation claim, the only age discrimination allegations that we may consider are those that fall within the relevant limitations period. Thus, we may consider only events falling within the 300–day period prior to the charge of discrimination filed on May 27, 1999. *Sauzek v. Exxon Coal USA, Inc.,* 202 F.3d 913, 921 (7th Cir.2000) (ADEA has 300–day limitation period). Any events occurring prior to August 1, 1998 are time barred. The only job application at issue under Hudson's age discrimination claim is the August 1998 application for the home economics position at Rosa Parks Middle School.

■ We find that Hudson's age discrimination claim fails as a matter of law. As discussed above, the record makes clear that Hudson was not qualified for the home economics position, and thus, there was a legitimate, nondiscriminatory reason for not hiring her. Furthermore, Hudson has not provided any evidence demonstrating that her age actually played a role in Defendant's decision-making process and had a determinative effect on the outcome. In fact, the record establishes that Defendant had no problem hiring her as a substitute teacher when she was in the protected age category. Consequently, we grant summary judgment in favor of Defendant on Hudson's age discrimination claim.

### CONCLUSION

This Court takes Hudson's charges of discrimination very seriously, and we have carefully reviewed the parties' briefs and the evidence before us. Although we sympathize with Hudson's frustration at being unable to secure a job in the Defendant school district, as well as the difficulties of litigating as a pro se plaintiff, we do not believe that Hudson's denial of employment can be attributed to wrongful, legally actionable conduct on the part of Defendant. For the foregoing reasons, Defendant's motion for summary judgment is granted. (R. 64–1.) Hudson's motions opposing summary judgment, (R. 68–1), and for a trial by jury, (R. 68–2), are both denied. Unfortunately, we conclude that a rational jury could not return a verdict in Hudson's favor. We instruct the Clerk of Court to enter judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 58.